IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LOUISE BAILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:06-cv-2144 |
| ) | Judge Royce C. Lamberth |
| MUTUAL OF OMAHA INSURANCE ) | |
| COMPANY, MICHAEL O. LEAVITT, ) | |
| and LESLIE V. NORWALK, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' MOTION, AND MEMORANDUM IN SUPPORT THEREOF,
TO STRIKE PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT
OF MATERIAL FACTS AS TO WHICH THERE IS A GENUINE ISSUE**

Defendants in the above-captioned action respectfully move this Court for an order striking the document filed by plaintiff on September 5, 2007 and styled as a "Response to Defendants' Statement of Material Facts as to Which There is a Genuine Issue" (Doc. 30). Counsel for defendants have discussed this motion with counsel for plaintiff and have been informed that plaintiff opposes it. The reasons for the motion are set forth below:

Rules 7 and 56.1 of this Court set forth the manner in which a summary-judgment motion may be presented to the Court. The party moving for summary judgment is required to file a memorandum of points and authorities in support of the motion, LCvR 7(a), 56.1, and a statement of material facts as to which the party contends there is no genuine issue. LCvR 7(h), 56.1. The opposing party may then file an opposition memorandum, LCvR 7(b), 51.6, and a statement of materials facts as to which the opposing party contends that a genuine issue exists. LCvR 7(h), 56.1. The moving party may then file a reply. LCvR 7(d). Leave of the Court is required to submit any additional written argument.

On May 8, 2007, defendants filed a motion to dismiss. On June 22, 2007, plaintiff filed an opposition and cross-motion for summary judgment. The cross-motion was accompanied by a 20-page statement of material facts, which consisted of 54 paragraphs and 17 subparagraphs.[1] On August 6, 2007, defendants filed their opposition memorandum and their statement of material facts in dispute. The statement began with a "concise statement of genuine issues," LCvR 7(h), 56.1, that identified five basic disputes. Defendants' Statement of Material Facts as to Which There is a Genuine Issue at 1-5 (Doc. 25-1). The statement then responded paragraph-by-paragraph to plaintiff's statement of material facts, id. at 5-14, so as prevent any of the putative "facts" contained in plaintiff's statement from being deemed uncontroverted. See LCvR 7(h), 56.1. On September 5, 2007, plaintiff filed a 20-page reply memorandum.

The reply itself is not objectionable, but plaintiff simultaneously filed an additional 29-page document that purports to be some kind of a "response" to defendants' statement of facts as to which a genuine issue exists. (Doc. 30). Although, on its face, this rambling document adds little to arguments in the case (indeed, it does not even mention the five factual issues enumerated at the beginning of defendants' statement), a "response" of this kind is not authorized by the Local Rules without prior leave of the Court. Plaintiff has presented no reason why this additional document is necessary, and her apparent presumption that permission to file it would be perfunctorily granted by the Court is problematic, given that the "response" document, when combined with the reply legitimately filed by plaintiff, effectively results in arguments almost

---

[1] Although the parties' joint status report stated that "[t]he parties have agreed to discuss the possibility of stipulation to facts prior to the filing of Plaintiff's Motion for Summary Judgment," Joint Report to the Court Pursuant to Fed. R. Civ. P. 26(f) and LCvR 16.3 at ¶ 2 (Doc. 16), plaintiff did not propose any stipulated facts to defendants (or engage in any other discussion of factual matters) before filing her cross-motion for summary judgment.

twice as long the reply memorandum permitted by LCvR 7(e).  While this Court obviously has discretion to do otherwise, defendants respectfully submit that proper respect for the Local Rules requires that, in the present circumstances, plaintiff's unauthorized "response" document should be stricken from the record.

Respectfully submitted,

| | |
|---|---|
| OF COUNSEL:<br>DANIEL MERON<br>General Counsel | PETER D. KEISLER<br>Assistant Attorney General |
| JANICE L. HOFFMAN<br>Acting Associate General Counsel | JEFFREY A. TAYLOR<br>Acting United States Attorney |
| MARK D. POLSTON<br>Deputy Associate<br>General Counsel | /s/ Peter Robbins<br>SHEILA M. LIEBER<br>PETER ROBBINS<br>Department of Justice |
| WILLIAM A. CONNELLY<br>Attorney<br>Department of Health<br>and Human Services | 20 Massachusetts Avenue, N.W., Room 7142<br>Washington, D.C.  20530<br>Tel:  (202) 514-3953<br>Attorneys for Defendants |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LOUISE BAILEY,                )<br>                               )<br>        Plaintiff,             )<br>                               )<br>    v.                         )<br>                               )<br>MUTUAL OF OMAHA INSURANCE      )<br>COMPANY, MICHAEL O. LEAVITT,   )<br>and LESLIE V. NORWALK,         )<br>                               )<br>        Defendants.            )<br>_____) | Case No. 1:06-cv-2144<br>Judge Royce C. Lamberth |

## **ORDER**

Upon consideration of defendants' motion to strike plaintiff's response to defendants' statement of material facts as to which there is a genuine issue, and plaintiff's opposition thereto, it is here ORDERED:

that the motion is GRANTED, and that plaintiff's response to defendants' statement of material facts as to which there is a genuine issue is hereby STRICKEN.

_____                    _____
DATE                                       UNITED STATES DISTRICT JUDGE