UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| LOUISE BAILEY, Individually, And On Behalf of All Other Similarly Situated Medicare Part B Beneficiaries,<br><br>Plaintiffs,<br><br>v.<br><br>MUTUAL OF OMAHA INSURANCE COMPANY, MICHAEL O. LEAVITT, and KERRY N. WEEMS<br><br>Defendants. | Case No. 1:06-cv-2144<br>Judge Royce C. Lamberth |

**OPPOSITION TO DEFENDANTS' MOTION, AND MEMORANDUM IN SUPPORT THEREOF, TO STRIKE PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS A GENUINE ISSUE**

Plaintiff, Louise Bailey, through counsel, respectfully files this Opposition to Defendants' Motion, and Memorandum in Support Thereof, to Strike Plaintiff's Response to Defendants' Statement of Material Facts as to Which There Is a Genuine Issue ("Defendants' Motion"). Defendants' Motion should be denied because: (1) Plaintiff's Response to Defendants' Statement of Material Facts as to Which There Is a Genuine Issue ("Plaintiffs' Response Statement") properly analyzes and is necessary to clarify, on a paragraph-by-paragraph basis, misleading characterizations of the record evidence, as contained in the Defendants' Statement of Material Facts As To Which There Is a Genuine Issue ("Defendants' Statement"); (2) Defendants have not suffered any prejudice as a result of Plaintiff's filing, nor do they claim any prejudice resulting from the filing of Plaintiff's Response Statement; and (3) the Court's

1

analysis of the Plaintiff's dispositive motion should be informed by an accurate factual record and should not be precluded by Defendants' hypertechnical adherence to form over substance.

The Plaintiff was compelled to file Plaintiff's Response Statement to counter inaccuracies and misleading characterizations contained in Defendants' Statement. If left unchecked, the assertions in Defendants' Statement could result in a distorted and inaccurate factual record, thus necessitating Plaintiff's Response Statement.

For example, Defendants dispute the fact that the final National Coverage Determination ("NCD") on blood glucose testing does not contain certain restrictions on coverage found in CMS Program Memoranda AB-00-99 and AB-00-108 which Mutual included in the LCD. Defs.' Statement at 11. A plain reading of the documentary evidence demonstrates that Defendants have no reasonable basis on which to dispute this fact. Program memorandum AB-00-99 states that for a lab test to be covered, the result "must be reported to the physician promptly so that the physician can use the result for continuation or modification of patient care," including orders for additional testing and Program Memorandum AB-00-108 substantially restates these limitations. CMS Program Memoranda AB-00-99, AB-00-108 (R. at 167) (emphasis added). However, these limitations appear nowhere in the final NCD. 66 Fed. Reg. 58,788, 58,846 (Nov. 23, 2001). See Pl.'s Response Statement at 25-26 (discussing Pl.'s Statement at 12).

As another example, regarding paragraph 52 of Plaintiff's Statement of Material Facts Not In Dispute ("Plaintiff's Statement"), Defendants incorrectly state that certain coverage criteria appears in the Medicare National Coverage Determinations Manual, ("NCD Manual"), CMS Pub. 100-03 § 190.20 when it plainly does not. Defs.' Statement at 13-14 ("[T]he phrases listed by Plaintiff in this paragraph are found in . . . § 190.20 of the [NCD Manual]".) In fact,

nowhere in section 190.20 are these criteria listed or specified as requirements for coverage and payment of blood glucose testing under any circumstance.  <u>See</u> Pl.'s Response Statement at 19 (discussing Plaintiff's Statement at 17 and Defendants' Statement at 13-14 and citing Medicare NCD Manual (CMS Pub. 100-03) § 190.20, Exhibit E to Defendants' Motion to Dismiss).

These are but two examples to help the Court understand why Defendants' mischaracterization of the factual record required correction with the filing of Plaintiff's Response Statement.  Defendants' Motion should be denied because granting it would deprive the Court of being fully informed as to the material facts not in dispute in this case.

Plaintiff structured her reply in the form of two papers, not out of a lack of "proper respect for Local Rules" or any intent to undermine the page limitation set forth in LCvR 7(e) without leave of court, (Defs.' Mot. at 3) but so that her specific responses to the alleged disputes in Defendants' Statement would correspond with the formatting of the prior filings for the convenience of all parties, and could be more easily identified and reviewed by counsel and the Court.  The Court's Scheduling Order did not specify the form of Plaintiff's reply to Defendants' opposition to Plaintiff's summary judgment motion, whether it should have been filed as one paper or two, or whether Plaintiff's responses could have been provided in substantially the same format as an exhibit to her reply brief.  However, counsel for Plaintiff did not contemplate that Defendants would object to the provision of a more convenient and comprehensive statement of the factual record.

Defendants have not suffered any prejudice resulting from the inclusion of a more comprehensive factual record, and claim no disadvantage from the incorporation of Plaintiff's Response Statement into the record.  To the contrary, Defendants argue only that the Plaintiff's Response Statement should be stricken to show "proper respect for the Local Rules."  (Defs.'

Mot. at 3.) The information contained in the Response Statement is relevant, informative, and may be useful in deciding the important issues in this matter. Particularly at the summary judgment stage, the factual record provided in support of the Plaintiff's legal arguments should be entitled to full consideration and should not be unilaterally abrogated by the Defendant, particularly where the Defendant has not claimed any prejudice. Accordingly, Plaintiff's Response Statement should remain part of the record.

Plaintiff respectfully requests that the Court deny Defendants' Motion. In the alternative, Plaintiff requests that the Court permit Plaintiff to append her Response Statement as an exhibit in support of her Reply Brief.

Respectfully submitted,

/s/ Thomas C. Fox

| Counsel: | Thomas C. Fox (D.C. Bar #4473) |
|---|---|
| Carol C. Loepere | REED SMITH LLP |
| Antony B. Klapper | 1301 K Street, NW |
| Jason M. Healy | Suite 1100 – East Tower |
| Catherine A. Durkin | Washington, D.C. 20005 |
| Cassia M. McCamon | (202) 414-9222 |
| REED SMITH LLP | Attorney for Plaintiff |
| 1301 K Street, NW | |
| Suite 1100 – East Tower | |
| Washington, D.C. 20005 | |
| (202) 414-9200 | |

Dated: September 18, 2007